**SECURITIES AND EXCHANGE COMMISSION,**

v.

**EQUITY SERVICE CORP.**, Leverage Resources Corp., Pacific–Atlantic Oil Co., Inc., Robert H. Mortimer, Virginia Joan Mortimer, Fred Fleischman, Robert F. Abramson, James P. Spillers (James P. Madison)

**Respondents, Porter Jerry, Dollie Mae Martin Jerry, Betty Lou Gregory and Lillie Gregory, Appellants,**

**Frank Concannon, Receiver, Appellee.**

No. 80–1273.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) Oct. 10, 1980.

Decided Oct. 20, 1980.

Thomas B. Rutter, Philadelphia, Pa., Bobby E. Shepherd, Spencer, Spencer & Shepherd, El Dorado, Ark., for appellants.

Dennis R. Surprenant, Securities and Exchange Commission, Philadelphia, Pa., Linda D. Fienberg, Michael K. Wolensky, Securities and Exchange Commission, Washington, D. C., Melvin Lashner, Philadelphia, Pa., for appellee; Adelman & Lavine, Philadelphia, Pa., of counsel.

Before SEITZ, Chief Judge, HIGGINBOTHAM, Circuit Judge, and MEANOR, District Judge.*

## OPINION OF THE COURT

### PER CURIAM:

Appellants, Porter Jerry, Dollie Mae Martin Jerry, Betty Lou Gregory, and Lillie Gregory, appeal from an order of the district court enjoining them from bringing their lease–cancellation claim against a federal receiver, Frank Concannon, in the Arkansas Chancery Court. The district court determined under 28 U.S.C. § 754 (1976) that it should hear the lease–cancellation claim. This court has jurisdiction under 28 U.S.C. § 1292(a)(1) (1976).

### I.

On April 27, 1977, the Securities & Exchange Commission (SEC) filed a complaint in the United States District Court for the Eastern District of Pennsylvania against Equity Service Corp. (ESC) and others, alleging violations of the federal securities laws in the sale of partnerships in oil and gas leases. The district court entered a consent judgment enjoining the complained–of activities, and on May 23, 1977 appointed William Weidert as temporary receiver to administer and manage various oil and gas wells that were the assets of the partnerships. These wells were the subject of litigation in several state and federal courts. Weidert entered an appearance in one of these actions, *Lion Oil Co. v. Barnett*, No. 77–1015, in the United States District Court for the Western District of Arkansas. Within ten days of his appointment, he had filed in the *Lion Oil Co.* proceeding a copy of the order appointing him as receiver, but not a copy of the SEC complaint.

Soon thereafter, Weidert died, and on June 24, 1977, the Eastern District of Pennsylvania appointed Frank Concannon as substitute temporary receiver. Within ten days of Concannon's appointment, a notice of Weidert's death was filed in the *Lion Oil Co.* case in the Western District of Arkansas, and Frank Concannon was substituted as temporary receiver. On the receiver's motion, the *Lion Oil Co.* case was transferred to the Eastern District of Pennsylvania to be consolidated with *SEC v. Equity Service Corp.* Apparently no formal consolidation occurred although the cases were treated as consolidated. In September 1977, Concannon was confirmed as receiver and all properties in the *Lion Oil Co.* case that had not been excluded from the receivership by application were placed under his exclusive control. Additional properties were also brought within the receivership, including some of the properties that are the subject of this appeal. The Gregorys and the Jerrys were not among those who had applied to exclude from the receivership oil wells located on their property.

Concannon began to operate the various oil and gas wells in the receivership, including the Gregory–Jerry wells. On May 2, 1978, Concannon filed in the Western District of Arkansas a copy of the SEC complaint and the order of his appointment as receiver. This filing was intended to comply with 28 U.S.C. § 754, although it was made months after the ten–day period stipulated in section 754.

---

* Honorable H. Curtis Meanor, United States District Judge for the District of New Jersey, sitting by designation.

Nearly a year after the complaint and order were filed, the Gregorys and the Jerrys sued in Arkansas Chancery Court for cancellation of the leases held by the receivership and for money damages for certain injuries to their land. The cancellation issue was based on the standard Arkansas mineral lease entitling the lessor to cancel a lease for nonproduction. Concannon, who was named as a defendant in the suit, filed an application in the Eastern District of Pennsylvania for a restraining order against prosecution of the suit in Arkansas court on the ground that as a federal receiver he could be sued only with leave of the court that had appointed him, unless the suit fell within the statutory exception of 28 U.S.C. § 959 (1976). *See id.* § 754. The Gregorys and the Jerrys opposed the application for the restraining order on the ground that the leases were not within the receivership's jurisdiction because Concannon had failed to comply with that part of 28 U.S.C. § 754 requiring a federal receiver to file copies of the complaint and order of his appointment within ten days of entry of that order of appointment.

After a hearing, the district court held that, pursuant to 28 U.S.C. § 959(a), the Gregorys and the Jerrys could assert their claim for damages in Arkansas state court. The district court, however, enjoined the parties from litigating the cancellation issue in the Arkansas court, determining that it would hear the cancellation issue by expedited hearing. The district court noted that the issue was a "close one," but granted the permanent injunction against litigating the cancellation issue in state court because "chaos would result in the administration of this receivership" if failure to file within ten days were read to deprive a receiver permanently of jurisdiction over such property. The court, therefore, interpreted section 754 as permitting a receiver who failed to file within ten days to reassume jurisdiction by a later filing, "especially where there are excuses for not filing within ten days, such as here, the death of the initial receiver, confusion in the records, and the injection of a receiver into a very complex matter by the Securities & Exchange Com-

mission with practically no forewarning of the receiver of the problems involved, or the places where the property is located." Furthermore, the district court determined that Weidert's filing of the order of his appointment, although done in conjunction with the *Lion Oil Co.* case and not accompanied by a filing of the SEC complaint, constituted substantial compliance with the statute. Finally, the court determined that Concannon had "either complied with the statute or attempted to comply with the statute as soon as possible after his appointment," and that he had relied on the prior filing in the *Lion Oil Co.* case in delaying his filing.

## II.

At the outset, appellee Frank Concannon contends that this appeal is moot because the leases in question have been sold under court order by the receiver. The receiver, however, holds the proceeds from this sale. The right to these proceeds may be determined by whether the appellants had the right to cancel the leases. Therefore, this appeal is not moot.

## III.

Section 754 specifically provides that a receiver who fails to file copies of the complaint and order within ten days after entry of the order of appointment will be divested of jurisdiction and control of property within any district in which there has been no filing. The statute reads in relevant part:

A receiver appointed in any civil action or proceeding involving property, real, personal, or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof.

. . .

Such receiver shall, within ten days after the appointment, file copies of the complaint and such order of appointment in the district court for each district in

which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district. 28 U.S.C. § 754. The section does not address whether a late filing permits a receiver to reassume jurisdiction and control or whether once the ten–day period has expired a new order of appointment must be entered before a receiver assumes jurisdiction and control. The Reviser's Note to section 754 sheds some light on this question. Addressing the ten–day requirement, the note indicates that:

> Under section 117 of Title 28 U.S.C., 1940 ed., failure to file copies of the complaint and order of appointment in any district where part of the property was located divested the receiver of jurisdiction over all the property except that part located in the State where the suit was brought. This has been changed by limiting the exception to the district where the copies are not filed. Obviously *the election of the receiver not to take control of property in one district* ought not to preclude his control in those districts in which he did file such copies.

28 U.S.C.A. § 754 (emphasis added). The language referring to failure to file as an "election of the receiver" indicates that the requirement was intended to permit a receiver to choose whether or not to take responsibility for property in each district in which potential receivership property is located. The requirement that the receiver take an affirmative step such as filing ensures that a receiver will not be responsible for property of which he or she has no knowledge. Viewing the purpose of section 754 in this light, it seems most consistent with that purpose to permit a receiver who has failed to file within the ten–day period to reassume jurisdiction by a later filing, as long as the rights of others have not been prejudiced during the intervening period.

■ Appellants suggest that the purpose of the statute is to "put people on notice that certain property is within the jurisdiction of a foreign federal Receiver," and that only by a separate filing, independent of an action such as the *Lion Oil Co.* case, can residents of a district in which property is located be made aware of the existence of a receivership. To the extent that appellants are correct that notice is the purpose of the statute, they have not shown that they suffered harm from lack of notice. To the contrary, the May 1978 filing gave them constructive notice nearly one year before they filed suit in Arkansas court for cancellation. Furthermore, the Gregory wells were involved in the *Lion Oil Co.* case and the Gregorys, therefore, had actual notice of the receivership within ten days of Concannon's appointment as substitute temporary receiver. Because Concannon filed copies of both the complaint and the order of his appointment nearly a year before the Gregorys and the Jerrys brought suit in state court, they cannot now assert prejudice from lack of notice because the receiver was not in strict compliance with section 754.

■ Appellants assert that if the district court correctly interpreted section 754, it was an abuse of discretion to order the parties to litigate the lease–cancellation issue in the district court rather than the Arkansas chancery court. The appellants do not contest that under 28 U.S.C. §§ 754 & 959, the district court would have jurisdiction over the issue unless it granted leave to sue in Arkansas court. The district court determined that it could hear the question in an expedited manner, that it was familiar with the problems of the receivership, and that it could take expert testimony on Arkansas law if necessary. The district court acted within its sound discretion in making the choice to hear the lease–cancellation issue itself.

The order of the district court will be affirmed.